**IN THE COURT OF APPEALS OF IOWA**

No. 21-1274
Filed July 20, 2022

**IN THE INTEREST OF P.L.,**
**Minor Child,**

**P.L., Minor Child,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Brent Pattison, District

Associate Judge.

A youthful offender appeals the delinquency disposition order of the juvenile

court. **AFFIRMED.**

Magdalena Reese, Matthew Sheeley, and Paul White of Des Moines

Juvenile Public Defender, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Heard by Bower, C.J., and Schumacher and Ahlers, JJ.

**BOWER, Chief Judge.**

The question presented here is whether a consent decree is an available dispositional option for a child on youthful offender status. P.L. contends the juvenile court was wrong in concluding it had no authority to enter a consent decree following her guilty pleas in district court. The juvenile court made no error in determining a consent decree was not an available dispositional order for a child on youthful offender status. We affirm.

**I. Background Facts and Proceedings.**

P.L. was fourteen years old at the time she stabbed a man a number of times, resulting in his death. On June 3, 2020, the State contemporaneously filed a delinquency petition—charging P.L. with first-degree murder—and a motion for waiver of jurisdiction and application for detention. The juvenile court ordered P.L. placed in detention.

A contested waiver hearing was held. The juvenile court officer (JCO) described P.L.'s turbulent family history, history of sexual victimization by adult men, homelessness, and lack of prior juvenile court involvement. In addition, evidence was presented that P.L. was a sex trafficking victim.

As described by the juvenile court, the JCO testified

> none of the programs available in juvenile court would be appropriate for [P.L.] She explained that the myriad community-based services in juvenile court are not appropriate given the seriousness of the alleged offense and [P.L.]'s prior avoidance of services. Residential treatment services in juvenile court were characterized as too short term (four to six month length of stay) in light of [P.L.]'s charge. One program has already told [the JCO] that they would resist her placement with them (Woodward Academy). [The JCO] also testified that there was no secure program for girls equivalent to the State Training School for boys. Her testimony boiled down to the fact that

juvenile court did not have any appropriate placement or services for a child with [P.L.]'s very serious charge.

There was little explanation of the services available in district court. [The JCO] acknowledged that she was not an expert in that area—but included in her report a list of services typically available. There was no evidence about where [P.L.] would be sent if she was convicted—except she would go to Mitchellville when she was [eighteen]. The main advantage of the adult system, according to [the JCO], was that it does not lose jurisdiction at [eighteen] and would be more protective of community safety.

On October 27, 2020, the juvenile court entered a written ruling, finding the requisite bases for waiver:

In a case like [P.L.]'s the court can also consider a hybrid approach: youthful offender status. *See* Iowa Code § 232.45(7) [(2020)]. After considering the best interests of the child and the community, the court has the discretion to waive the child as a "youthful offender"—which results in the child being prosecuted in district court, but returning to juvenile court for disposition—with a hearing in district court before the child turns [eighteen] to select a sentencing option once the child becomes an adult. *See* Iowa Code § 907.3A. In order to waive under this section, the court has to find that the child is between [twelve] and [fifteen] years old—which [P.L.] was at the time of the offense and the waiver hearing. The court must also find that there is probable cause that the child committed a delinquent offense under Iowa Code § 232.8(1)(c). That condition is satisfied in this case as well—by a finding of probable cause at an early detention hearing. Finally, the court must find that there are not reasonable prospects for rehabilitating the child while juvenile court has jurisdiction. As discussed above, it is difficult to conclude there are reasonable prospects for rehabilitating [P.L.] within time frame juvenile court could retain jurisdiction—well under two years by the time a trial is completed and a dispositional hearing is accomplished. Youthful offender status has been used in other cases with similarly-aged children facing a first degree murder charge.

There are several advantages to the youthful offender status in [P.L.]'s case. Most importantly, youthful offender status allows recognition of a basic, important fact: [P.L.] is still a child—and a child who, regardless of the seriousness of her alleged offense, has experienced significant trauma in her short life. None of this necessarily excuses her alleged involvement in [the decedent's] death. But it does inform how our juvenile and criminal justice systems should respond to her alleged delinquency. [P.L.]'s lawyers did a nice job in their closing argument explaining the importance of trauma-informed care, and they are correct that services in juvenile

court are likely to be geared better toward her unique needs while she is a child. Finally, there are some open, important questions in this case about the alleged abuse and potential trafficking that [P.L.] may have experienced—and the way these issues factored into the allegation of delinquency. The combination of a trial in district court, along with juvenile-specific treatment and care for a period of time if she is convicted, would give the district court significantly more (and better) information to consider when devising a sentence when [P.L.] is [eighteen].

The juvenile court waived jurisdiction to the district court for prosecution of P.L. as a youthful offender. P.L.'s detention continued.

On June 16, 2021, the district court accepted P.L.'s guilty pleas to voluntary manslaughter and willful injury causing serious injury. The matter was "returned to juvenile court for disposition." The order also scheduled a July 6, 2021 disposition hearing in the juvenile court and an August 26, 2022 sentencing hearing in the district court.

After the July disposition hearing, the juvenile court entered an order placing P.L. in the legal custody of juvenile court services for placement commensurate for her needs. The court concluded it was without authority to enter a consent decree:

> The court considered the request by [P.L.'s] lawyers to enter a consent decree under Iowa Code section 232.46. But the court does not have authority to enter a consent decree in this case. When a youth is waived to district court under Iowa Code section 232.45(7), the youth returns to juvenile court for a disposition hearing. Consent decrees are not dispositional orders. They are a pre-adjudication remedy. The court is limited to the dispositional outcomes included in Iowa Code section 232.52—which include no reference to consent decrees. The best case scenario for [P.L.] is not a consent decree in juvenile court, but rather a deferred judgment in district court.

P.L. appeals, asserting the juvenile court erred in concluding it lacked authority to enter a consent decree. The State asserts this court cannot proceed

without first granting an interlocutory appeal. If interlocutory appeal is granted, the State argues a consent decree is not an available dispositional option for a juvenile on youthful offender status.

## II. Scope and Standard of Review.

We review a court's interpretation of statutes for correction of legal errors. *State v. Crooks*, 911 N.W.2d 153, 161 (Iowa 2018).

## III. Discussion.

*Jurisdiction.* We first address the State's argument that to reach the merits, we must grant interlocutory appeal because the juvenile court's August order was not a final order for purposes of appeal. The State does not resist granting permission to appeal. P.L.'s brief is silent on the issue, though additional authorities were submitted prior to oral argument.

We agree the juvenile court's disposition ruling was not a final order or judgment for purposes of appeal. P.L. is on youthful offender status, and her supervision was transferred to the juvenile court pending her sentencing in the district court. *See* Iowa Code § 907.3A; *see generally In re T.F.*, 972 N.W.2d 1, 8 (Iowa 2022) (discussing appeals of non-final orders). We treat the notice of appeal as an application for interlocutory appeal or discretionary review and grant permission. *See* Iowa R. App. P. 6.108.

*Merits.* The juvenile court waived jurisdiction under Iowa Code section 232.45(7),[1] finding the requisites were met. After waiver, the district court accepted P.L.'s guilty pleas, invoking Iowa Code section 907.3A, which states:

---

[1] Section 232.45(7)(a) provides:

(1) Notwithstanding section 907.3 but subject to any conditions of the waiver order, the trial court shall, upon a plea of guilty . . . place the juvenile over whom the juvenile court has waived jurisdiction pursuant to section 232.45, subsection 7, on youthful offender status. The court shall transfer supervision of the youthful offender to the juvenile court for disposition in accordance with section 232.52.

P.L. argues the juvenile court could have granted her motion for entry of a consent decree. She notes section 232.52 "does not specifically exclude 'consent decree' as an appropriate disposition." She also notes chapter 232 is to be liberally construed, *see* Iowa Code § 232.1,[2] and a consent decree provides the child the only opportunity "to prove that they have been rehabilitated" and avoid a delinquency adjudication.

---

At the conclusion of the waiver hearing and after considering the best interests of the child and the best interests of the community the court may, in order that the child may be prosecuted as a youthful offender, waive its jurisdiction over the child if all of the following apply:

(1) The child is twelve through fifteen years of age or the child is ten or eleven years of age and has been charged with a public offense that would be classified as a class "A" felony if committed by an adult.

(2) The court determines, or has previously determined in a detention hearing under section 232.44, that there is probable cause to believe that the child has committed a delinquent act which would constitute a public offense under section 232.8, subsection 1, paragraph "c", notwithstanding the application of that paragraph to children aged sixteen or older.

(3) The court determines that the state has established that there are not reasonable prospects for rehabilitating the child, prior to the child's eighteenth birthday, if the juvenile court retains jurisdiction over the child and the child enters into a plea agreement, is a party to a consent decree, or is adjudicated to have committed the delinquent act.

[2] Section 232.1 states, "This chapter shall be liberally construed to the end that each child under the jurisdiction of the court shall receive, preferably in the child's own home, the care, guidance and control that will best serve the child's welfare and the best interest of the state."

P.L. maintains a deferred judgment is not analogous to the benefits of a consent decree because a juvenile record "can serve as a permanent blemish on youth into their adulthood." She asserts, "Therefore, the only way to truly insulate youth from the damage of any juvenile record and provide them recognition, as in this case, for taking accountability for their actions, complying with the court's orders, and paving the road to rehabilitation is to allow for entry of a consent decree."

The State responds, "Iowa Code section 232.52(2) contains a list of possible dispositions from which the juvenile court can choose" and "these dispositions do not include a consent decree."

P.L. acknowledges this court has previously stated a consent decree is not a "dispositional' order. *See In re J.H.*, No. 18-1909, 2020 WL 376546, at * 2 (Iowa Ct. App. Jan. 23, 2020). In *J.H.*, we observed a consent decree is defined by statute as a "pre-adjudication" order. *Id.* (citing Iowa Code § 232.46(1)(a) ("At any time after the filing of a petition and *prior to entry of an order of adjudication* pursuant to section 232.47, the court may suspend the proceedings on motion of the county attorney or the child's counsel, enter a consent decree, and continue the case under terms and conditions established by the court."). However, P.L. argues the youthful offender statute "completely sidesteps the adjudicatory hearing" and leaves entry of a consent decree on the table.

Any "sidestepping" of an adjudicatory hearing in the juvenile court is due to the child being waived to the district court under section 232.45 for the purpose of prosecution of the child as an adult, per subsection "6," or as a youthful offender,

per subsection "7." And a necessary finding for waiver here—which the child did not challenge—was the juvenile court's *preliminary* determination

> that the state has established that there are not reasonable prospects for rehabilitating the child, prior to the child's eighteenth birthday, if the juvenile court retains jurisdiction over the child and the child . . . *is a party to a consent decree*, or is adjudicated to have committed the delinquent act.

Iowa Code § 232.45(7)(a)(3) (emphasis added). So, the juvenile court had the option to enter a consent decree *before* waiver under section 232.45(7). Here, the juvenile court rejected that option, concluding that course of action provided no reasonable prospect for rehabilitating P.L. before her eighteenth birthday. It would make little sense for a consent decree to remain an option after waiver, the child's plea of guilty in district court, and the child's return "to the juvenile court for disposition in accordance with section 232.52."

Section 232.52(2) begins, "The dispositional orders which the court may enter subject to its continuing jurisdiction *are as follows*: . . . ." The italicized language limits the dispositional orders to those listed. The types of dispositional orders available:

> a. An order prescribing one or more of the following:
> (1) A work assignment . . .
> (2) Restitution consisting of monetary payment or a work assignment of value to the victim.
> (3) If the child is fourteen years of age or older, restitution consisting of monetary payment or a work assignment of value to the county or to the public for fees of attorneys appointed to represent the child at public expense pursuant to section 232.11.
> (4) (a) The suspension or revocation of the driver's license or operating privilege of the child, for a period of one year, for the commission of delinquent acts which are a violation of any of the following:
>
> . . . .
> (5) The suspension of the driver's license or operating privilege of the child for a period not to exceed one year. The order

shall state whether a work permit may or shall not be issued to the child.

b. An order placing the child on probation and releasing the child to the child's parent, guardian, or custodian.

c. An order providing special care and treatment required for the physical, emotional, or mental health of the child, and

(1) Placing the child on probation or other supervision; and

(2) If the court deems appropriate, ordering the parent, guardian, or custodian to reimburse the county for any costs incurred as provided in section 232.141, subsection 1, or to otherwise pay or provide for such care and treatment.

d. An order transferring the legal custody of the child, subject to the continuing jurisdiction of the court for purposes of section 232.54, to one of the following:

(1) An adult relative or other suitable adult and placing the child on probation.

(2) A child-placing agency or other suitable private agency or facility which is licensed or otherwise authorized by law to receive and provide care for children and placing the child on probation or other supervision.

(3) The department of human services for purposes of foster care and prescribing the type of placement which will serve the best interests of the child and the means by which the placement shall be monitored by the court. The court shall consider ordering placement in family foster care as an alternative to group foster care.

(4) The chief juvenile court officer or the officer's designee for placement in a program under section 232.191, subsection 4. . . .

e. An order transferring the custody of the child, subject to the continuing jurisdiction and custody of the court for the purposes of section 232.54, to the director of the department of human services for purposes of placement in the state training school or other facility, provided that the child is at least twelve years of age and the court finds the placement to be in the best interests of the child or necessary for the protection of the public, and that the child has been found to have committed an act which is a forcible felony, as defined in section 702.11, or a felony violation of section 124.401 or chapter 707, or the court finds any three of the following conditions exist:

. . . .

f. An order committing the child to a mental health institute or other appropriate facility for the purpose of treatment of a mental or emotional condition after making findings pursuant to the standards set out for involuntary commitment in chapter 229.

g. An order placing a child, other than a child who has committed a violation of section 123.47, in secure custody for not

more than two days in a facility under section 232.22, subsection 3, paragraph "a" or "b".

h. In the case of a child adjudicated delinquent for an act which would be a violation of chapter 236 or section 708.2A if committed by an adult, an order requiring the child to attend a batterers' treatment program under section 708.2B.

We conclude the juvenile court made no error in determining a consent decree was not an available dispositional order for a child on youthful offender status. We therefore affirm.

**AFFIRMED**.